IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES DEAN VIVIAN )
) No. 17-179
)
v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for social security disability insurance benefits. He alleged disability due to physical impairments, including diabetes and hypertension. His application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.      STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ's residual functional capacity is insufficient, because it fails to account for all of Plaintiff's severe impairments. He also contends that the ALJ failed to explain

the omission of limitations contained in the medical opinion of record, and failed to properly consider Plaintiff's credibility.

In particular, Plaintiff challenges the ALJ's approach to his treating specialist, Dr. Pruchnic. Dr. Pruchnic opined that Plaintiff's diabetes and related ailments rendered it "medically appropriate" for Plaintiff to elevate his extremities above heart level "regularly throughout the day." He stated that Plaintiff would be limited or prevented from engaging in daily activities more than three days per week, and that Plaintiff would go off task for unscheduled breaks during the workday, which would exceed fifteen minutes on several occasions throughout an average day. Plaintiff argues that the ALJ rejected Dr. Pruchnic's limitations based on a selective reading of the medical evidence, and that she failed to consider the factors identified in 20 C.F.R. 404.1527. Further, Plaintiff challenges the ALJ's acceptance of the opinion of state agency non-examiner Dr. Guie, who did not have access to Dr. Pruchnic's September 2014 and November 2015 opinions. The ALJ observed as follows:

> The undersigned affords little weight to the opinion of the claimant's treating physician, as the opinion is inconsistent with his own treatment records finding the claimant generally stable with mild symptoms. The main restriction, a need to elevate the legs to reduce swelling, is not supported by the record. The claimant has no edema on most or all examinations. Further, there is no support in the record for the unscheduled breaks throughout the day. Dr. Pruchnic did not recommend any limitations in the treatment record and he does not provide support for the need for these additional breaks.

The ALJ did not err in her treatment of Dr. Pruchnic's or the state agency non-examiner's report. First, although an ALJ is required to consider factors pertinent to assessing a treating physician's opinion, she is not required to discuss or recite each factor. Reyes v. Colvin, No. 13--4683, 2014 U.S. Dist. LEXIS 183171, at *16 (S.D.N.Y. Jan. 26, 2015). Here, the facts of record, along with the ALJ's explanation of her decision, are sufficient. Second, a statement that an activity would be "medically appropriate" – such as Dr. Pruchnic's statement regarding Plaintiff's

elevating his legs -- does not necessarily constitute an opinion regarding functional limitation or impairment.  Moreover, the ALJ considered Dr. Pruchnic's comments alongside the entire record, including treatment notes.  An ALJ may reject a treating physician's opinion if it is inconsistent with the physician's treatment notes, or due to a lack of supporting evidence.  See, e.g., Goldberg v. Colvin, No. 13-06055, 2015 U.S. Dist. LEXIS 31012, at *27 (D.N.J. Mar. 13, 2015).  The ALJ sufficiently explained her conclusion, and this Court cannot reweigh the evidence.

Next, Plaintiff challenges the ALJ's decision to afford great weight to the physical assessment of the state consultant, Dr. Guie, dated March 3, 2014.  Plaintiff complains that Dr. Guie's assessment predated Dr. Pruchnic's opinion.  Dr. Guie assessed records from Dr. Harry Pote, an independent consulting examiner, as well as records from Portage Health Center and Western PA Ortho & Sports.  Dr. Guie, in other words, assessed the medical evidence extant prior to the date of her report.  The ALJ then thoroughly considered the evidence of record that post-dated Dr. Guie's report, including Dr. Pruchnic's opinion.  She then chose to afford greater weight to the limitations found by Dr. Guie.  In the context of this record, this approach is not improper.  See, e.g., Brinkley v. Colvin, No. 15-994, 2016 U.S. Dist. LEXIS 116253, at *39 (E.D. Mo. Aug. 30, 2016).

Finally, Plaintiff challenges the ALJ's credibility assessment, as she failed to enumerate or discuss his statements that were consistent with Dr. Pruchnic's opinion.  "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Frazier v. Apfel, 2000 U.S. Dist. LEXIS 3105, 2000 WL 288246 (E.D. Pa. 2000).  Although credibility findings are not sacrosanct, as Plaintiff suggests, it is well established that an ALJ need not discuss each piece of evidence in the record.  Ambrose v. Colvin, No. 14-1618,

4

2015 U.S. Dist. LEXIS 24647, at *41 (M.D. Pa. Feb. 27, 2015). Here, the ALJ discharged her duty by evaluating and discussing the extent to which Plaintiff's complaints were consistent with the medical evidence. Within the limited scope of review afforded this Court, I find no error.

## CONCLUSION

In conclusion, the ALJ's decision is supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: Nov. 29, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES DEAN VIVIAN )
) No. 17-179
)
    v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 29th day of November, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's is GRANTED.

                      BY THE COURT:

                      */s/ Donetta F. Ambrose*

                      Donetta W. Ambrose

                      Senior Judge, U.S. District Court